## LUCINDA PILCHER v. THE ATCHISON, TOPEKA & SANTA RAILROAD COMPANY.

WRITTEN CONTRACT; *Copy in Evidence; Error.* It is error to permit a copy of a written contract or written conveyance to be introduced in evidence, over the objection and exception of the adverse party, where it is not shown that the original has ever been delivered, so as to make it a contract or conveyance, or that the original has been lost or destroyed, or placed beyond the reach of the party offering to introduce the copy in evidence, and the party in whose possession the original should be if it had ever been delivered.

### *Error from Johnson District Court.*

EJECTMENT, brought by *Pilcher* against *The Railroad Company.* Trial by the court at the March Term, 1884, and judgment for defendant for costs against the plaintiff. *Pilcher* brings the case here. The opinion states the material facts.

*E. B. Gill, J. P. Hindman,* and *J. W. Parker,* for plaintiff in error.

*James Hagerman, A. A. Hurd,* and *Robert Dunlap,* for defendant in error; *George W. McCrary,* general counsel.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, brought by Lucinda Pilcher in the district court of Johnson county, against the Atchison, Topeka & Santa Fé railroad company, to recover certain real estate occupied by the railroad company as a portion of its right-of-way and for depot purposes. It appears that the land formerly belonged to Thomas Pilcher; that in 1871, and during his lifetime, the St. Louis, Lawrence & Denver railroad company took possession of the same; and that the present defendant is the successor in interest of said St. Louis, Lawrence & Denver railroad company. It also appears that in 1879 Pilcher died, leaving the present plaintiff as his widow and successor in interest, having devised the property to her by will. There is no claim in this case that the railroad company ever procured any interest in the property by virtue of any condemnation proceedings; but it is claimed that the railroad company procured such interest by virtue of a contract of some kind, made with Thomas Pilcher during his lifetime. The case was tried before the court without a jury, and the plaintiff, by proper evidence, made out a *prima facie* case for the recovery of the property, and then rested; and the defendant, in order to make out its defense, then introduced in evidence, with the permission of the court, but over the objection and exception of the plaintiff, a copy of a supposed written contract, or rather conveyance, claimed to have been executed by Thomas Pilcher in his lifetime. It appeared that Thomas Pilcher, in his lifetime, and about March 1, 1871, drew up a paper which in substance was a conveyance, with certain conditions, from himself to the railroad company of an easement in the land for a right-of-way and for depot purposes, and he signed the same, but it was

never acknowledged; and he handed it to his son to be copied, and his son made a copy thereof, and handed the original back to his father. What then became of either the original or the copy is not shown, except that the copy was introduced in evidence on the trial of this case. There is no evidence that the original was ever delivered to the railroad company, or that the railroad company ever saw it, or that any person has ever seen it since it was returned by the son to his father; nor is there any evidence that the father ever saw the copy. The copy seems to have been retained by the son. It is this copy which was introduced in evidence on the trial of this case by the railroad company; and it was there identified by the son.

We think the court below erred in permitting the railroad company to introduce this copy in evidence. The original was probably never delivered to the railroad company, or to any one for the company, and therefore never had any force as a contract or conveyance. But even if the original was ever delivered, still, no one knows how many changes or alterations were made in the same before it was delivered. But under any circumstances, the original itself should have been introduced in evidence, and not merely a copy; or at least before a mere copy was introduced, it should have been shown that the original was either lost, or destroyed, or placed beyond the reach of the railroad company; which certainly was not done, if the original had ever been delivered to the railroad company. It is probable that some kind of a parol contract was entered into between the railroad company and Thomas Pilcher; but the railroad company did not attempt to prove any such parol contract. The company seemed to rely upon the supposed written conveyance, of which the copy introduced in evidence was claimed to be an exact copy. So far as it appears from the record of this case, the copy introduced in evidence was so introduced as a copy of the written contract or written conveyance which it purported to be, and for the purpose of proving such written contract or written conveyance, and was

*Written con-
tract; copy in
evidence;
error.*

not introduced merely for the purpose of showing an admission of the terms of some supposed or alleged parol contract previously or subsequently entered into between the parties.

We do not intend in this case to determine what the ultimate rights of the parties are, or even to express any opinion thereon. It is possible, though we think it is not probable, that a written conveyance similar to the copy introduced in evidence, and relied on by the railroad company in this case, was executed by Pilcher and delivered to the railroad company. And it is highly probable that the railroad company and Pilcher entered into a parol contract corresponding in its terms to the written conveyance evidenced by the copy introduced in evidence. And it is possible that by the parol contract, together with what was afterward done by the railroad company, and suffered to be done by Pilcher and wife, the railroad company procured a valid easement in and to the property in controversy; but at this present time we do not wish to express any opinion thereon.

For the error in permitting said evidence to be introduced, the judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.